The opinion of the Court was delivered by
Fenner, J.
This is a suit upon a policy of life insurance, presenting the single question of the sufficiency of the proof of death of the person whose life was insured.
Clotworthy Boyd, the subject of the insurance, left Brashear City in July, 1875, on a voyage by sea to Galveston. Iu company with oue Dowling, he occupied a stateroom opening on the guards, abaft the wheel house, near which was a space where the edge of the vessel was protected by nothing but a swinging chain.
Boyd, during the day, was very sea sick, and he and Dowling sat oil the guards opposite this space, and Boyd frequently went to the edge and vomited over the chain. Late at night, Boyd continuing to suffer, they went to their stateroom and Dowling undressed and went to bed : but Boyd, soon after, complaining of sickness and the close air, asked Dowling to get up and take him out. Dowling excusing himself, he went out alone, and has never since been seen or heard of.
Dowling, on awakening in the morning, found his berth vacant. Not specially alarmed at first, he inquired of the steward, who told him he *849 had not seen him ; then, after waiting awhile, made some search for him with the steward, without finding him. The steamer arrived in Galveston abont 10 a. m., and Dowling watched the passengers go ashore to see if Boyd would come out. He then went to the residence, of Boyd’s brother in Galveston and informed him of the circumstance.
. -Boyd lias never since been heard of. His valise, which ivas his only luggage, remained on the vessel, and his hat was also found on hoard, though the evidence as to where it was found is not satisfactory.
Proofs of loss, including the death and its circumstances were furnished the Company, after reasonable delay, and several months were allowed for further investigation before suit ivas brought.
Nearly seven years have now elapsed since the date of the disappearance, and we are not advised that any tidings have yet been heard of Boyd.
If the proof of death stood upon a bare presumption flowing exclusively from the mere disappearance of Boyd, we agree with the counsel for defendant that the duration of his absence without being heard of, would not be sufficient to support a presumption, equivalent to proof, of death, under the articles of our Code touching absentees. C. C. Arts. 57 to 75.
But death, like all other facts; may be established by circumstantial evidence, when, from the nature.of the case, direct evidence is hot accessible.
Absence, without being heard of, though not of sufficient duration to create a legal presumption of death, may yet be one of other attendant and supporting circumstances which, taken together, would satisfy the mind and conscience of the judge or jury that the party was dead. This is all that is required.
Thus, disappearance under oirciimstances of shipwreck, or earthquake or battle, or explosion or like perils, might well produce such conviction. And this Court has held that, in such matters, “ it is essentially within the province of the Judge to draw the line of distinction, by the exercise of a sound discretion, founded on the facts of each particular case.” Succession Vogel, 10 An. 139 ; Succession Jones, 12 An. 397.
In this case, there are many circumstances, besides the mere disappearance, which point strongly to the death of Boyd, which suggest themselves from our statement of the facts without the necessity of particularizing them here.
The Judge a quo concluded his able opinion in these words:
“ I do not pretend to assert that the deatli of Clotworthy Boyd lias been demonstrated. Indeed, it is j>ossible that he still lives and is secreting himself. But, after listening attentively to the witnesses and observing closely their demeanor, I have come to the conclusion, I *850 am convinced, that Clotworthy Boyd met an untimely end- on the niglit of 31st July, 1875, and that he is dead.”
The four years that have rolled by since the date of that decision, serve strongly to confirm the correctness of that conclusion.
Judgment affirmed at appellant’s cost.
Levy, J., absent.